IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| BARRY BEAL, | ) CASE NO.1:21-CV-00164 |
| | ) |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| v. | ) |
| | ) MEMORANDUM OPINION & ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| | ) |
| Defendant, | |

**Introduction**

Before me[1] is an action under 42 U.S.C. §405(g) by Barry Beal seeking judicial review of the 2020 decision of the Commissioner of Social Security that denied Beal's 2018 application for disability insurance benefits and supplemental security income.[2] The Commissioner has filed the transcript of the administrative proceedings.[3] Pursuant to my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and Beal filed supplemental fact sheets and charts.[7] The parties

---

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge James S. Gwin. ECF No. 9.
[2] ECF No. 1. I note that prior to the hearing Beal amended his alleged onset date, effectively making this only a claim for supplemental security income. ECF No. 15, Attachment 1 at 1, citing transcript at 432.
[3] ECF No. 12. Pursuant to Local Rule 16.3.1(d), filing of the transcript constitutes the Commissioner's answer.
[4] ECF No. 5.
[5] ECF No. 13.
[6] ECF Nos. 15, Attachment 1 (Beal), 17 (Commissioner).
[7] ECF Nos. 15, Attachments 2, 4 (Beal).

have met and conferred with the goal of clarifying or reducing the matters at issue.[8] They have participated in a telephonic oral argument.[9]

For the following reasons, the decision of the Commissioner will be affirmed.

**Facts**

Beal, who was 56 years old at the time of the hearing[10] and has a high school education,[11] has no past relevant work[12] and has not been employed since 2004.[13] Beal currently lives with his mother[14] where he performs limited household activities, such as cooking, taking out the trash and mowing a small yard.[15] He testified that he has been unable to work due to multiple abscesses which, despite skin grafts, fester and bleed such that he needs to wear a diaper pad.[16] When the abscesses are bad, which he stated was approximately three days per week, he testified that he is unable to sit.[17] He also stated that he has back and hip pain that limits his ability to stand and walk.[18]

The ALJ found that Beal has only degenerative disc disease as a severe impairment.[19] That said, the ALJ then also addressed diagnoses of "disorders of the skin, elbow fracture, and other arthropathies."[20] As to Beal's "history of treatment for abscesses to the buttock with surgical intervention," the ALJ observed initially that although Beal had a skin graft for this condition in

---

[8] ECF No. 18.
[9] ECF No.
[10] Tr. at 216
[11] *Id*. at 98.
[12] *Id*.
[13] *Id*. at 93.
[14] *Id*. at 216.
[15] *Id*. at 219, 221.
[16] *Id*. at 218, 222.
[17] *Id*. at 220.
[18] *Id*. at 222.
[19] *Id*. at 93.
[20] *Id*.

2013, he "did not follow up" after that procedure.[21] The ALJ further noted that while Beal reported "sporadic and ongoing pain from abscesses" during the period from August through November of 2019, and sought treatment for that condition "once every 3-4 weeks" during that time, those treatments with prescribed medication were "conservative" and Beal rated his pain from the abscesses as only "a 3/10 on the pain scale."[22] Thus, after also considering Beal's fractured elbow from 2020, the ALJ concluded that any limitations from the abscesses, elbow fracture or "other arthropathies, either standing alone or in combination, have no more that a minimal effect on [Beal's] ability to work."[23]

After finding that Beal did not have an impairment or combination of impairments that met or medically equaled a listing – a conclusion that the ALJ noted had not been advanced by any treating or examining physician and was in conformity with the opinions of the state agency consultants – the ALJ found that Beal has an RFC to perform the full range of medium work.[24] In formulating that RFC, the ALJ reviewed Beal's testimony,[25] the clinical evidence, particularly the consultative examination conducted in February 2019,[26] and opinion evidence from two state agency consultants, the consultative examiner and Dr. Jayantilal Bhimani, M.D.,[27] Beal's primary care physician who had treated Beal on three occasions in 2019 for abscesses[28] before issuing a medical source statement in March 2020.[29]

---

[21] *Id*.
[22] *Id*.
[23] *Id*.
[24] *Id*. at 93-94.
[25] *Id*. at 94-95.
[26] *Id*. at 95-96.
[27] *Id*. at 96-98.
[28] *Id*. at 845, 847, 849.
[29] *Id*. at 840-41.

In that regard, the ALJ found that the March 2019 opinion of state agency reviewer Diane Manos, M.D. to be persuasive and the June 2019 opinion of the second state agency reviewer, Abraham Mikalov, M.D. to be less persuasive because that opinion stated that there was insufficient evidence to determine Beal's severe impairments and limitations.[30] Similarly, the ALJ found the February 2019 opinion of consultative examiner Kevin Bailey, D.O., to be less persuasive, citing the contrast between clinical findings that Beal had "unremarkable findings on examination," did not have significant physical limitations and that his conditions seemed well controlled by medication and the opinion that Beal had significant limitations on standing, sitting and walking.[31]

As to Dr. Bhimani, the ALJ also found his 2020 statement less persuasive. To that point, the ALJ observed that Dr. Bhimani's opined limitations on lifting, carrying, sitting, standing and walking, which Dr. Bhimani attributed to pain, were not supported by "objective testing, imaging or physical exam findings," nor were they consistent with normal strength and range of motion findings.[32] Moreover, the ALJ noted that "the limitations on postural activities do not find support in the records and are likewise not explained on the form filled out by Dr. Bhimani."[33]

The ALJ concluded that given that Beal has the RFC for a full range of medium work, he was not disabled.[34]

**Analysis**

Standards of review

---

[30] *Id*. at 96.
[31] *Id*. at 96-97.
[32] *Id*. at 97.
[33] *Id*.
[34] *Id*. at 98-99.

This matter is considered under the well-known substantial evidence standard, which need not be restated. Further, the ALJ's handling of the opinion evidence is reviewed under the newer rubric that eliminated any weight assignments to such evidence and now evaluates it as to its persuasiveness. That standard is also well-known and so also does not need to be restated.

Issues presented

Beal presents three issue for judicial review:

1. Whether the ALJ erred at Step Two when he failed to find pilonidal abscesses to be a severe impairment.

2. Whether the ALJ's evaluation of the opinion evidence is supported by or consistent with the substantial evidence of record.

3. Whether new and material evidence, including a favorable finding of disability and a consultative report supporting disability, requires a remand for additional review of Mr. Beal's pilonidal abscess disease.[35]

Adjudication

This case is essentially a challenge to the ALJ's findings regarding Beal's pilonidal abscesses. In that regard, I make two preliminary observations before examining the core issue.

First, to the extent that Beal, in the first issue raised, alleges that a Step Two error occurred because the ALJ failed to find that his abscesses were a severe impairment, it well-settled that the "fact that some of [claimant's] were not deemed to be severe at step two is [] legally irrelevant."[36]

---

[35] ECF No. 15, Attachment 1 at 1.
[36] *Maziarz v. Sec'y of HHS*, 837 F.2d 240, 244 (6th Cir. 1987).

When, as here, the ALJ considers all the claimants impairments in the remaining steps of the disability determination, "an ALJ's failure to find additional severe impairments at step two does not constitute reversible error."[37]

As detailed above, the ALJ did recognize Beal's skin condition during his discussion of non-severe impairments at Step Two and in subsequent analyses of Beal's testimony, the clinical record and the opinion evidence. I find no error accruing from a failure to designate that impairment as "severe" at Step Two.

Next, as to what is basically an argument for a Sentence Six remand to address purportedly new evidence pertaining to Beal's abscesses contained in a subsequent favorable disability decision, I observe that a "sentence six remand would be appropriate based on [the] subsequent favorable decision only if the subsequent decision was supported by new and material evidence that [Plaintiff] had good cause for not raising in the prior proceeding."[38] Moreover, the new and material evidence must relate to the claimant's condition at the time of the administrative proceeding.[39]

Here, the new evidence consists of an administrative finding in April 2021 that Beal was disabled as of January 2021.[40] That decision, in turn, is based: (1) a September 2020 clinical report from University Hospitals/Elyria that noted a cyst with abscesses and serious drainage; (2) a December 2020 consult for recurrent pilonidal cyst; (3) a January excision of perianal lesions and (4) a March 2021 consultative examination for pilonidal abscesses.[41]

---

[37] *Id.*
[38] *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009).
[39] *Sizemore v. Sec'y of HHS*, 126 F.3d 709, 711-12 (6th Cir. 1988).
[40] ECF No. 15, Attachment 3 at 2.
[41] *Id.* at 1-34.

The examining physician at the March 2021 examination noted that although Beal had a history of cysts since his early 20s, they had been controlled after 2010 with drainage tubes, antibiotics and pain medication.[42] However, at the March 2021 exam, the doctor noted that the cysts were then "severe and active" and that they were "poorly controlled," such that they were "fully intrusive upon [Beal's] abilities to posture himself, walk, stand or lie down."[43] The examining physician also noted a "chronically painful gait" as a result of an ACL tear in the left knee and a 20 degree loss of range of motion from the earlier left elbow fracture.[44]

That said, Beal's argument for including this evidence in a review of the current July 2020 decision is that it provides "additional longitudinal evidence of the chronicity and debilitating nature" of his pilonidal cysts.[45] But, as noted above, the evidence actually shows that Beal's cysts have progressively worsened. In particular, the examining physician in March 2021 traced the progression from a condition be controlled by warm compresses in its early stages, to needing drainage tubes, antibiotics and pain medication for control at a later stage, to finally becoming "poorly controlled" and "intrusive" at the final stage.[46]

In sum, this new evidence, rather than showing, as Beal contends, a mere extension of conditions existing at the time of the hearing currently under review, actually show a disease that progressed from being manageable with relatively benign treatment like warm compresses to one that was poorly controlled and had measurable impact on Beal's function. While that evidence

---

[42] *Id*. at 13.
[43] Id. at 15.
[44] *Id*.
[45] ECF No. 15 at 16.
[46] ECF No. 15, Attachment 3 at 15.

supports the later award of benefits, Beal has not shown – and indeed the evidence itself does not establish - that this new evidence relates back to Beal's condition at the time of this hearing.

Finally, as to the remaining issue of whether the ALJ's analysis of the opinion evidence was correct, I also make a preliminary observation that, regardless of how persuasive the ALJ found any piece of opinion evidence, the essential issue is whether the RFC is supported by substantial evidence. Indeed, Beal in his brief acknowledges as much when he complains that the RFC's failure to incorporate limitations from his abscesses led directly to the conclusion that he could perform the full range of medium work.[47]

That said, I note, as detailed above, that the ALJ found the initial opinion by the state agency reviewer that Beal could perform medium work to be persuasive. That opinion, as is well-established, constituted substantial evidence for the RFC finding. Further and more importantly, as was also detailed above, the ALJ pointed out that in his last visit to Dr. Bhimani in 2019, which visit would have been support for Dr. Bhimani's opinion in 2020, Beal himself stated the pain from his abscesses was just a 3/10.[48] Thus, even while acknowledging the existence of the abscesses themselves and further conceding that they caused pain while walking, the record supports the ultimate finding by the ALJ that Dr. Bhimani's opinion was less persuasive and for concluding that the pain from the abscesses was not so severe as to constitute a significant work-related impairment.[49]

I further note, despite Beal's other argument that the later developed evidence of reduced range of motion from the elbow fracture shows the ALJ here erred in finding no severe impairment

---

[47] ECF No. 15, Attachment 1 at 12.
[48] Tr. at 93.
[49] I further note here that the pain medication prescribed by Dr. Bhimani went from Percocet in September 2019 to Motrin in October. Tr. 849, 847.

from that fracture, the latest evidence available to the ALJ in this case was a June 22, 2020 post-operative report and imaging that showed "satisfactory and stable" conditions in the elbow, and also showed that Beal was "overall doing well."[50] I find no error in the ALJ assessment of that evidence or in his conclusion that there was no evidence in the record to indicate that effects from the elbow fracture was expected to last more than twelve months.

Accordingly, and for the reasons stated, I find no error in the ALJ's handling of the opinion evidence or in fashioning the RFC.

## Conclusion

For the reasons detailed above, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Date: 07/13/22

s/William H. Baughman, Jr.
United States Magistrate Judge

---

[50] Tr. at 93.